**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VICTOR SANDERS,

      Petitioner,

-vs-                                                    Case No.  8:03-CV-2613-T-30TGW

JAMES McDONOUGH,[1] et al.,

      Respondents.

_____/

## ORDER

      Petitioner, a State of Florida inmate proceeding *pro se*, initiated this action on December 9, 2003,[2] by filing a Petition for Writ of Habeas Corpus challenging his 1999 conviction for engaging in a lewd and lascivious act in the presence of a child under sixteen entered in the Sixth Judicial Circuit Court, Pinellas County, Florida.  Dkt. 1. Respondents have filed a response to the petition asserting, *inter alia*, that it is time-barred under 28 U.S.C. § 2244(d) (Dkt. 11). Although he has been afforded three opportunities to do so, *see* Dkts. 4, 10, and 12, Petitioner has not filed a reply to the response. Having reviewed the parties' arguments, the record, applicable statutes, and controlling case law, the Court agrees with Respondent that the petition is subject to dismissal pursuant to § 2244(d). An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2006).

_____

[1] James McDonough, Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Although the petition was not received by the Clerk's office for filing until December 12, 2003 (Dkt. 1), this circuit considers petitions for habeas relief and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

**Standard of Review**

State prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

**Discussion**

Following a trial by jury, during which Petitioner was represented by counsel, he was found guilty as charged.  On July 15, 1999, Petitioner was adjudicated a sexual predator and sentenced as an habitual felony offender to a term of 20 years in prison. While the state appellate court affirmed Petitioner's conviction on direct appeal on June 30, 2000, the case was remanded for resentencing based on the following finding:

> Victor L. Sanders appeals the judgment and sentence imposed after a jury found him guilty of lewd and lascivious conduct in the presence of a child. We affirm Sanders' conviction without discussion. However, we reverse Sanders' sentence and remand for resentencing because the trial court sentenced him as a habitual felony offender without the necessary proof.
>
> Before the trial court may impose a habitual felony offender sentence, it must find, based on record evidence, that the defendant has been previously convicted of any combination of two or more felonies and that the current

felony occurred either (a) while the defendant was serving a prison sentence or lawfully imposed supervision as a result of a prior felony conviction; or (b) within five years from the date of conviction for the defendant's last prior felony or within five years from the date of the defendant's release from prison or supervision for a prior felony offense. *See* § 775.084(1)(a), Fla. Stat. (1999). Thus, the State must provide record evidence of the date of the current felony offense, the date of the conviction for the last prior felony, and the date the defendant was released from any prison term or supervision imposed for the last felony conviction. *See Lowenthal v. State,* 699 So.2d 319, 320 (Fla. 2d DCA 1997).

In this case, the State offered into evidence certified copies of a 1987 felony conviction for battery on a law enforcement officer and a 1991 conviction for lewd and lascivious act in the presence of a child. The current offense, which took place on January 14, 1999, did not occur within five years of the date of either of these prior felony convictions. The State presented no evidence as to when Sanders was released from prison or other supervision for either of these offenses. Therefore, these convictions, standing alone, are not sufficient to qualify Sanders for habitual felony offender sentencing.

There are some references in the transcript of the sentencing hearing to a 1997 conviction for burglary of a structure. There are also some references to Sanders being on probation for the 1997 offense at the time of the current offense. However, all of these references were made during argument by the prosecutor. None of these references were substantiated by record evidence. It appears from the transcript that the trial court was looking at the court file from this 1997 case during the sentencing hearing. However, the State did not request that any information from that court file be admitted into evidence. Thus, nothing in the record establishes the date of the alleged burglary or whether Sanders was actually convicted. Absent some record evidence of the date of the alleged burglary, whether Sanders was convicted, and what, if any, sentence he received, these references were insufficient to support the trial court's finding that Sanders qualified as a habitual felony offender. Therefore, Sanders' habitual felony offender sentence must be reversed.

Because Sanders did not object to the habitual felony offender sentence at the sentencing hearing, upon remand the State should be given the opportunity to present evidence that Sanders qualifies as a habitual felony offender. *See Bellamy v. State,* 712 So.2d 409, 410 (Fla. 2d DCA 1998); *Lowenthal,* 699 So.2d at 320; *Davis v. State,* 588 So.2d 289, 290 (Fla. 2d DCA 1991). If the State does so, the trial court may again impose a habitual felony offender sentence.

The judgment is affirmed. The sentence is reversed and the case remanded to the trial court for a new sentencing hearing.

*Sanders v. State*, 765 So.2d 161 (Fla. 2nd DCA 2000). Petitioner was resentenced on September 7, 2000.  Because Petitioner did not file a direct appeal, his judgment became final on October 7, 2000, thirty days after judgment and sentence were imposed. *Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the 30-day time-period for filing an appeal expires). Absent tolling by a "properly filed" application for state post-conviction relief, Petitioner had until October 7, 2001, to file a petition for federal habeas relief.

Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Criminal. P. 3.850 on December 21, 2000, but failed to sign the motion under oath. Because the Florida rules of criminal procedure require that a defendant seeking relief under Rule 3.850 file his motion under oath, *see* Fla. R. Criminal. P. 3.850(c); 3.987, the state trial court dismissed Petitioner's motion on October 10, 2001.

Where an application for state post-conviction relief is not "properly filed" according to the rules which prescribe "the form of the document," the limitations period under the AEDPA is not tolled. *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000). Since Petitioner's Rule 3.850 motion was not filed in conformance with Rules 3.850 and 3.987, it was insufficient to toll the running of the one-year limitations period. *See Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000), *cert. denied*, 532 U.S. 1013 (2001).

Petitioner delayed filing a properly executed Rule 3.850 motion until October 24, 2001, 17 days after the expiration of the federal limitations period. Once AEDPA's limitations period expires, it cannot be reinitiated.  Thus, none of Petitioner's filings after October 7, 2001, had any tolling effect.  *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Petitioner has not shown that a state created impediment prevented him from filing a petition or that he could not have discovered the factual predicate of his federal claims prior to December 9, 2003, when he filed the instant petition. *See* 28 U.S.C. § 2244(d)(1)(B) & (D). Likewise, Petitioner does not assert a claim based on a constitutional right initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Thus, the petition for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitations provision unless Petitioner demonstrates that he is entitled to equitable tolling of the limitations period.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Petitioner has not availed himself of the opportunity afforded him to explain the reasons for his untimeliness. The Court, having reviewed the petition and memorandum of law submitted in support thereof, finds nothing in the record which would support finding that "extraordinary circumstances" beyond Petitioner's control and unavoidable with diligence prevented him from filing a timely petition. Petitioner has, thus, failed to satisfy the criteria in this jurisdiction to proceed despite the procedural bar to his petition. *See Helton v. Sec. for the Dep't of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

-5-

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner can show that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* ___ U.S. ___, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). *See also Schlup v. Delo*, 513 U.S. at 324.

To the extent that the petition may be read to assert that Petitioner is innocent of the offense of conviction, Petitioner fails to come forward with "new" evidence that warrants consideration of his claims despite the procedural bar. The testimony Petitioner contends would have been given at trial by two "eye witnesses" to the offense of conviction that he allegedly advised trial counsel of before his trial commenced does not meet the criteria in this circuit for "newly discovered" evidence of factual innocence, and there is

nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claims. *See  Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

As the Eleventh Circuit held in *Hill v. Jones*, "[a] petitioner is not entitled to a hearing on the threshold issues of cause and prejudice or manifest injustice without first proffering specific facts which support a finding that one of these exceptions to the procedural default rule exists."  81 F.3d 1015, 1023 (11th Cir. 1996). Without such a showing, a federal habeas court should not even discuss the merits of a claim that has been procedurally defaulted. *Kight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir. 1995).

### Conclusion

For the foregoing reasons, the Court determines that Petitioner's request for relief is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1.      The Petition for Writ of Habeas Corpus is **DENIED**.

2.      The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 10, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy furnished to:
*Pro Se* Petitioner/Counsel of Record